# JAMES RIGNEY

*v.*

# DANIEL SMALL *et al.*

1. MORTGAGE—*suit on debt, judgment and sale of the property—foreclosure.* Where a party gave a mortgage on land to secure several notes, and the mortgagee sued on a part of them, obtained judgment and sold the land under execution and it was not redeemed, and the certificate of purchase was regularly assigned through several persons until it came to one who obtained a deed, went into possession and opened a valuable coal mine thereon, and the mortgagor, after nine years from the sale, conveyed the land by quit-claim deed to another person, who filed a bill to redeem: *Held*, that the sale was a foreclosure, and the great length of time before an effort to redeem was made, waived any irregularity, if any existed, in the sale.

2. SALE UNDER EXECUTION—*irregularity—voidable—laches.* Where a certificate of purchase stated the sale was made at four o'clock in the morning, that, if true, would have been ground, if applied for in proper time, for setting aside the sale and awarding a new execution. It rendered the certificate and sale voidable, if the sale was so made, but it was not void.. And the holder of the title under the execution sale, having no notice, he would have been protected, but such delay in applying to redeem is laches, and the sale could not be set aside.

3. SALE—*en masse—voidable.* Where property, susceptible of division, is sold *en masse*, the debtor may have the sale set aside if he applies to the court in a reasonable time. Such irregularity does not render the sale void, but simply voidable; but by laches, the debtor will lose the right to have the sale set aside.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. BROADWELL & SPRINGER, for the plaintiff in error.

Mr. G. D. A. PARKS and Mr. S. W. MUNN, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by plaintiff in error, in the Will circuit court, against defendants in error. The bill

alleges that complainant, on the 10th day of April, 1868, recovered a judgment in the Grundy circuit court against Keeffe, for the sum of $4850 and costs of suit, and an execution was issued thereon to the Sheriff of Will county, who levied the same on the southwest quarter of section 5, township 32 north, range 19 east, third meridian, in Will county. The bill alleges that Keeffe has no other property out of which to satisfy the execution.

It is alleged that, in September, 1856, one Philander Morton, and his wife, conveyed the land to Keeffe, who, to secure the purchase money therefor, executed a mortgage thereon to Morton for the sum of $2220; that Morton assigned the mortgage to Henry Fish, and that the same had passed, by successive assignments, to Small, who became the equitable owner of the mortgage and indebtedness; that Fish, whilst he owned the mortgage and notes, sued upon one or more of them and recovered judgment for $103.78 and costs, against Keeffe, sued out execution and had the land in controversy sold thereunder as the property of Keeffe; that the property was purchased at the sale by George W. Morton, who had become the assignee of the judgment, and a certificate of sale was filed in the recorder's office, showing the sale was made on the 25th of September, 1858. The land not having been redeemed, on the 9th day of July, 1865, the sheriff of Will county executed a deed to Small, reciting successive assignments of the certificate of purchase from Fish to him. The bill, in general terms, and without stating facts, charged the judgment to have been fraudulently obtained, the execution, levy, advertisement and sale, irregular, and charges notice thereof to G. W. Morton, who, by the sale, intended to defraud Keeffe out of his homestead.

The bill charges that the property was susceptible of division, and that either forty acres of the quarter was sufficient in value to have satisfied the execution in favor of Fish; that the quarter was worth about $3000; that the sale was made

418      Rigney *v.* Small *et al.*      [Sept. T.,

Opinion of the Court.

at a time unauthorized by law, and that it was for an inadequate price; that about the time the sale occurred, Keeffe left the farm and went to Iowa to perform a contract for labor on a railroad, to earn the money necessary to redeem the premises from the sheriff's sale; that he had given to G. W. Morton a chattel mortgage on a large amount of property, which, if it had been properly managed, would have been sufficient to have paid the remaining unpaid purchase money on the land, but was fraudulently converted to his own use by Morton. The bill charges that, if the judgment, execution sale and sheriff's deed are regular, still, Small only holds as mortgagee, and that Keeffe or his assigns have a right to redeem; that Small had opened a valuable coal mine on the land since he received his deed, and had gone into possession.

The bill further charges that Keeffe was embarrassed; that he took a contract on a railroad to earn the money to redeem the land, and had obtained the amount necessary, but through misfortune lost it all and became penniless, and in that condition got to some place in the State of Missouri, when the troubles in the country broke out, and he was, until they ended, unable to return to redeem or to protect his rights in the premises; that, after his return, he being unable to redeem, and being indebted to plaintiff in error, he and his wife, on the 13th of August, 1867, conveyed the premises to plaintiff in error by a quit-claim deed, to aid him in collecting his debt from Keeffe; that plaintiff in error thereupon recovered judgment against Keeffe, sued out execution and had the levy made.

Complainant prays that the deed to Small be set aside and he be deemed a mortgagee, and that the mortgage be decreed satisfied out of the rents and profits received by Small before Keeffe conveyed to complainant, and that he pay to complainant the rents and profits since that date; and that complainant's title be decreed paramount; and that the judgment, execution, sale, mortgage and deed, to Small, be removed as a cloud, and that possession be decreed to complainant.

To this bill a demurrer was filed which was sustained by the court, and the bill dismissed at the September term, 1870. The record is brought to this court and errors are assigned thereon questioning the correctness of the decree.

It is urged that the bill charges the judgment, execution and sale were fraudulent, and the exhibits are referred to as showing in what the fraud consisted. On examining the execution, levy and return of the officer, we can perceive nothing irregular or fraudulent in them. They all seem to conform to the statute. On examining the certificate of purchase, we find that it recites that the sale was made by the sheriff on the 25th day of September, 1858, at four o'clock in the forenoon. If the sale was made at that hour of the day, it was contrary to the statute, and that formed ground for setting aside the sale and awarding an alias execution. The statute has declared that all such sales shall be made "between the hours of nine in the morning and the setting of the sun of the same day." · And the same section, after prescribing all the regulations for the sale, and for a punishment of the officer for disregarding them, provides that no such offense, or any irregularity on the part of the sheriff, shall affect the validity of the sale unless it be made to appear the purchaser had notice of the irregularity.

This, then, would have cured all defects unless it be the time of the sale, and there is not the slightest pretense that Small had notice of any other. And under these provisions, it is apparent that such irregularity does not render the sale void, but only voidable. Until the notice is brought home to the purchaser, the law presumes the sale valid and effectual. And there can be no question that all objections to a voidable sale may be waived. Thus it has been held, in such cases, that a party, to avoid a sale, must proceed to do so in a reasonble time. Laches, in such cases, will bar the party of equitable relief. In this case, the defendant in execution must have known of the sale and satisfaction of the judgment against him, and he will be presumed to have known of this

420 ·        RIGNEY *v.* SMALL *et al.*       [Sept. T.,

Opinion of the Court.

defect, if one existed in fact. The probability is strong that the sale was made as required by the statute, and a mistake occurred in filling a blank certificate, as the sheriff is presumed to have understood the requirements of the statute; and had he designed to aid in defrauding the defendant, he would. have, in all probability, made his certificate in due form. Nor does the bill charge that the sale was made at the hour named. It was only ground for 'setting aside the sale if other rights had not intervened, reviving the judgment and awarding an alias execution against him. Knowing this, he slumbered on his rights, neither moving the court to set aside the sale before the redemption expired, nor by doing any other act for nearly nine years, and then he merely releases his claim to plaintiff in error, and no suit is brought until in May, 1869, more than ten years and a half after the sale was made.

Here is a case where the parties have acquiesced in a judicial sale for a greater period than would have formed a bar, with the performance of the other requirements of the statute, to a suit in ejectment, under at least two limitation laws of the State. The defendant, by his indifference and non-action, treating the sale as valid, and apparently accepting the credit given him by the sale for so many years, must have been satisfied with the result of the proceeding. He never offered to restore plaintiff in execution to his rights by doing any acts, until, by the growth of the country, the property has no doubt greatly appreciated, and large sums, we may infer, have been expended upon the land, as the bill alleges a coal mine has been opened by Small which has rendered large profits. To permit Keeffe to lie by and be governed entirely by circumstances for nine years, whether he would treat the sale as a satisfaction of his debt, or would declare the sale voidable and recover the property, would be highly inequitable and devoid of justice. He should, if he desired to avoid the sale, have acted in a reasonable time and before innocent persons had acquired rights; and having failed to do so, he must be held to have waived all irregularities and to have ratified the sale.

The sale *en masse* is but an irregularity.   If there was such an irregularity in this case, it was merely ground for having the sale set aside.   It did not render it void, but only void-able.   And all we have said in reference to the time of sale, applies for the same reasons to this objection.   And the assignee of Keeffe can not occupy a better position than his assignor, as he took the property precisely as Keeffe held it. Small had a right to suppose, after such a length of time, that Keeffe had elected to ratify the sale and claim that the judgment against him was satisfied, and having purchased under such circumstances, it is but reasonable and just that he be protected in the purchase.   There was, therefore, no error in dismissing the bill in the court below, and the decree is affirmed.

*Decree affirmed.*